BUCANÁ RIVER IRRIGATION ASSOCIATION *v.* CASALDÚC.

APPEAL from the District Court of Ponce.

No. 52.—Decided December 12, 1906.

INJUNCTION—WHEN WRIT WILL ISSUE.—An injunction will be granted only where the necessity for the remedy is urgent for the purpose of immediately preventing the execution of an act which constitutes an infringement of the rights of any person, but a remedy of this character cannot be converted into a common or general means by the indiscreet use of which actual loss and damage may be caused.

ID.—An injunction may not be granted to prevent a person from taking water from a river for irrigation purposes where such person shows his right to do so by virtue of a concession granted in his favor, and where it does not appear that the exercise of such right causes irreparable damage to the plaintiff.

ID.—SWORN STATEMENTS MADE ON INFORMATION AND BELIEF.—The fact that a trial court admits in evidence certain sworn statements made on information and belief at a hearing held to determine the propriety of the granting of the injunction sought, is not sufficient reason to warrant the court in vacating or setting aside the order denying an injunction based on the ground that the plaintiff had not proved his rights.

*Mr. López de Tord* for appellants.

*Mr. Casaldúc* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

An application for an injunction was filed in the District Court of Ponce on March 26 of the current year on behalf of the Irrigation Association of the Bucaná River, composed of Manuel León, Guillermo Schuck, José Usera, Pedro Pablo Biaggi, Desiderio Canals, Félix Sauri, Asciselo Subirá, Ana Solomons, Francisco María, and Angel Francisco Franceschi, to permanently enjoin the defendant, Felipe Casaldúc y Goicoechea, from taking water from the said river for the irrigation of an estate named "Monserrate," which he possesses in the *barrio* of Mayagüez.

On the same date said plaintiffs applied for an order to show cause why a provisional injunction should not issue to restrain Casaldúc from using such water during the pendency of the principal proceedings.

The order applied for was issued by the judge and the hearing was had in the presence of the parties and some evidence was heard.

At this preliminary act only one exception was taken according to the record, and that is the following: The defendant introduced some affidavits containing the depositions of a number of witnesses. The plaintiffs, through their counsel, objected to their admission, alleging that they were hearsay and that the testimony of persons was being admitted without the other party being given the right to cross-examine them. The court overruled said objection and admitted the evidence, on which grounds the exception to which we refer was taken.

In view of the nature of the proceeding at which the affidavits were presented the judge properly admitted them, and the exception taken to the admission thereof cannot prevail because a trial was not being held, but a preliminary proceeding, in which the defendant was called on to show cause in opposition, if he had any, and the judge held that he should admit them for his own information in order to be able to render a

proper decision, and did so admit them. This act cannot be objected to, and the decision, founded upon other evidence of the utmost importance, as we will see later, cannot be reversed.

The judge of the Ponce court, after hearing the allegations and the evidence presented, rendered the following judgment on April 28 of the current year:

"As a general rule a preliminary injunction cannot be granted upon a statement of facts made under oath on information and belief, in which form it has been applied for in this case (Spelling, Vol. II, sec. 1012). The evidence presented by the defendant refutes the facts adduced by the plaintiffs in their petition and tends to prove the existence of a legal title, both by concession and use, in said defendant to take the waters of the Bucaná River. The work of canalization which the petitioners allege was done a short time ago has existed a long time according to the evidence of the plaintiffs themselves, and the omission of this fact in the complaint must be considered against the plaintiffs. It does not appear advisable to alter the existing state of affairs, as it appears from the evidence—that is to say, the use by the defendant of the water of the Bucaná River, especially if it be considered that such use cannot result in irreparable damage to the plaintiffs, in view of the number of liters of water which has been granted to them and the number which the gauging of the river made by order of the irrigation association shows. The preliminary injunction sought is denied and the restraining order is vacated, with the costs, amounting to ———, against the plaintiff."

An appeal was taken from this judgment by the plaintiffs, and the record contains a statement of the case approved by the judge.

The parties appeared in this Supreme Court, presenting their respective written and oral arguments.

From the statement of facts it is proved that the defendant, Casaldúc, holds a concession, which dates from the year 1846, for the use of the water of the Bucaná River, and that there is no prejudice for the present to the plaintiffs according to the gauging of the waters of the Bucaná River made by order of the said irrigation association.

And as the judgment appealed from rests on these grounds, it cannot be proper.

It is incontrovertible, as we said in the case of *Manuel Egozcue* v. *Carl H. Lund,* decided May 3, 1905, "that a preliminary restraining order presupposes the necessity of an urgent and immediate remedy to prevent the commission of an act violating or prejudicing the rights of a person; but a law of such scope, and, in a proper case, of such beneficent results, cannot be converted into a common or general medium by which to cause actual loss and damage if made use of without reflection and discretion."

The defendant produces here in his favor the title to the concession, and we must assume that it is in full force and vigor until the contrary shall be proved in an ordinary action.

For this reason, and upon other grounds alleged in the judgment appealed from, the latter should be affirmed, with the costs against the appellant—that is to say, the Irrigation Association of the Bucaná River, composed of the above-mentioned gentlemen.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.